IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARRY SHAROD JAMES-EL,       )
                             )
             Plaintiff,      )
                             )
        v.                   )      1:20CV902
                             )
ERIK A. HOOKS, et al.,       )
                             )
             Defendant(s).   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1.  The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted an *in forma pauperis* application, but failed to use the forms required by the Court.

2.  Plaintiff's claims are unclear and conclusory. He alleges that Defendants failed to prevent him from contracting Covid-19. However, contracting a virus is not, in and of itself, a violation of a prisoner's constitutional rights. Defendants must have acted with deliberate indifference in causing Plaintiff to contract the virus. Plaintiff alleges that this occurred, but does so only in mainly a conclusory fashion without adequate supporting facts. What facts are alleged appear more consistent with, at most, negligence rather than with intentional violations of Plaintiff's constitutional rights. Negligence will not support a claim under § 1983. Plaintiff also alleges that he did not receive adequate treatment once he contracted the virus. However, he again alleges no facts to support this claim, such as what more the United States Constitution required that Defendants do for him, particularly given that there is no cure for this virus and that Plaintiff appears to have mostly recovered from it without treatment. He also states that

he is losing his hair and that he worries about the long-term effects of the virus on his health. However, he sets out no facts showing that there is an available treatment which is being denied or that anything could be done by Defendants to alleviate his worry, i.e., that there is any way to detect, predict, or prevent any long-term effects. Plaintiff must set out sufficient facts supporting all of his claims and make those claims clear.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 23rd day of November, 2020.

_____
Joe L. Webster
United States Magistrate Judge